**CT Corporation**

RECEIVED
DEC 11 2019
RISK MANAGEMENT

**Service of Process Transmittal**
12/10/2019
CT Log Number 536786496

*V/035 9677*
*RM*
*8-31-17*
*renht gen*
*TDL 12/12/19*

RECEIVED
Dec 12 2019
by: *Legal Dept.*

**TO:** LITIGATION DEPARTMENT
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:** Process Served in West Virginia

**FOR:** Federal Express Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CYNTHIA ANN ROGERS, PLTF. vs. JASON SCOTT JENKINS AND FEDERAL EXPRESS CORPORATION, ETC., DFTS. |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Summons, Cover Sheet, Complaint, Request, Interrogatories |
| **COURT/AGENCY:** | BERKELEY COUNTY CIRCUIT COURT, WV<br>Case # CC022019C305 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 08/31/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/10/2019 postmarked on 12/06/2019 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and complaint |
| **ATTORNEY(S) / SENDER(S):** | Ronald M. Harman<br>Burke, Schultz, Harman & Jenkinson<br>Post Office Box 1938<br>Kanawha Blvd E.<br>Martinsburg, WV 25402<br>304-263-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/11/2019, Expected Purge Date: 12/16/2019<br><br>Image SOP<br><br>Email Notification,  LITIGATION DEPARTMENT  lydia.langbein@fedex.com<br><br>Email Notification,  STACEY STEPHENS  stacey.stephens@fedex.com<br><br>Email Notification,  Denise Armstrong  denise.armstrong@fedex.com<br><br>Email Notification,  CYNTHIA SCHWIND  cynthia.schwind@fedex.com<br><br>Email Notification,  KATHY MILLER  khmiller@fedex.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |

Page 1 of  2 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
12/10/2019
CT Log Number 536786496

**TO:** LITIGATION DEPARTMENT
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:** **Process Served in West Virginia**

**FOR:** Federal Express Corporation  (Domestic State: DE)

For Questions:          877-564-7529
                        MajorAccountTeam2@wolterskluwer.com

Page 2 of  2 / DK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

𝟶 10.29

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311   $ 010.29⁰
02 4W
0000336734 DEC. 06. 2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 6244 36

FEDERAL EXPRESS CORPORATION
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

| | |
|---|---|
| **Control Number:** 249286 | **Agent:** C. T. Corporation System |
| **Defendant:** FEDERAL EXPRESS CORPORATION | **County:** Berkeley |
| 1627 QUARRIER ST. | **Civil Action:** 19-C-305 |
| CHARLESTON, WV 25311 US | **Certified Number:** 92148901125134100002624436 |
| | **Service Date:** 12/6/2019 |

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

 West Virginia E-Filing Notice

CC-02-2019-C-305

Judge: Michael Lorensen

To: Federal Express Corporation dba FedEx Express
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
### Cynthia Ann Rogers v. Jason Scott Jenkins
### CC-02-2019-C-305

The following reissue/additional summons was FILED on 11/27/2019 4:01:29 PM

Notice Date:     11/27/2019 4:01:29 PM

Virginia Sine
CLERK OF THE CIRCUIT
Berkeley
380 W. South Street
MARTINSBURG, WV 25401

(304) 264-1918
belinda.parsons@courtswv.gov

**SUMMONS**



E-FILED | 11/27/2019 2:15 PM
CC-02-2019-C-305
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT OF BERKELEY WEST VIRGINIA
### Cynthia Ann Rogers v. Jason Scott Jenkins

Service Type:    Plaintiff - Secretary of State

NOTICE TO:    Federal Express Corporation dba FedEx Express, 1627 Quarrier Street, Charleston, WV 25311
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Ronald Harman, PO Box 1938, Martinsburg, WV 25402

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/27/2019 2:15:14 PM                    /s/ Virginia Sine
_____            _____
            Date                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

_____            _____
            Date                            Server's Signature



# COVER SHEET

E-FILED | 8/27/2019 12:00 PM
CC-02-2019-C-305
Berkeley County Circuit Clerk
Virginia Sine

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BERKELEY COUNTY WEST VIRGINIA
#### Cynthia Ann Rogers v. Jason Scott Jenkins

**First Plaintiff:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other    **First Defendant:**  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**Judge:**  Michael Lorensen

## COMPLAINT INFORMATION

**Case Type:**  Civil    **Complaint Type:**  Tort

**Origin:**  ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☑ Yes  ☐ No    **Case will be ready for trial by:**  3/15/2020

**Mediation Requested:**  ☐ Yes  ☑ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

    ☐ Wheelchair accessible hearing room and other facilities

    ☐ Interpreter or other auxiliary aid for the hearing impaired

    ☐ Reader or other auxiliary aid for the visually impaired

    ☐ Spokesperson or other auxiliary aid for the speech impaired

    ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:  Ronald Harman, PO Box 1938, Martinsburg, WV 25402

## SERVED PARTIES

| | |
|---|---|
| **Name:** | Jason Scott Jenkins |
| **Address:** | 18334 Lyles Drive, Hagerstown MD 21740 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |

| | |
|---|---|
| **Name:** | Federal Express Corporation dba FedEx Express |
| **Address:** | 1627 Quarrier Street, Charleston WV 25311 |
| **Days to Answer:** N/A | **Type of Service:** Hold for Later Service |



E-FILED 8/27/2019 12:00 PM
CC-02-2019-C-305
Berkeley County Circuit Clerk
Virginia Sine

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**CYNTHIA ANN ROGERS,**

      **Plaintiff,**

v.                              **CIVIL ACTION NO.:**    **19-C-____**

**JASON SCOTT JENKINS and**
**FEDERAL EXPRESS CORPORATION**
**dba FEDEX EXPRESS,**

      **Defendants.**

## COMPLAINT

    1.    Plaintiff Cynthia Ann Rogers (hereinafter also referred to as "Plaintiff Rogers") is and was at all times material hereto a citizen and resident of Berkeley County, West Virginia.

    2.    Defendant Jason Scott Jenkins (hereinafter also referred to as "Defendant Jenkins") is and was at all times material hereto a resident of Washington County, Maryland.

    3.    Defendant Federal Express Corporation dba FedEx Express, (hereinafter referred to as "Defendant FedEx") is and was at all times material hereto a Delaware corporation with its principal office address at 3610 Hacks Cross Road, Memphis, TN 38125. At all times material hereto, Defendant FedEx was duly registered to do business and actually performing business in the State of West Virginia, including Berkeley County.

    4.    Defendant FedEx includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, trade names, and organizational units of any kind, as well as its predecessors, successors, and assigns, and its present officers, directors, employees, agents, representatives, and any other person acting on its behalf.

    5.    The motor vehicle crash which is the subject of this Complaint occurred on August 31, 2017, on Winchester Avenue in Berkeley County, West Virginia.

6.     At all times material hereto, Defendant Jenkins was a commercial driver and was an agent, servant, and/or employee of Defendant FedEx, and was acting within the course and scope of his agency, representation, and/or employment.

7.     At the time of the motor vehicle crash on August 31, 2017, Defendant Jenkins was operating a 2012 Mercedes Benz Sprinter cargo van owned by Defendant FedEx within the scope and course of his agency, representation, and/or employment with Defendant FedEx.

8.     At the time of the motor vehicle crash on August 31, 2017, Defendant Jenkins, upon information and belief, was performing his duties as an employee of Defendant FedEx.

9.     This Court has subject matter jurisdiction over the claims made by Plaintiff herein pursuant to Article VIII, Section 6 of the West Virginia Constitution and W.Va. Code §51-2-2.

10.     The Court has personal jurisdiction over Defendants because, at all times material hereto, they transacted business in West Virginia; contracted to supply services or things in West Virginia; and/or committed acts and/or omissions in and/or outside West Virginia which caused tortious injury to Plaintiff Rogers in West Virginia.

11.     Venue is proper in this Court pursuant to W.Va. Code §56-1-1(a) in that Plaintiff's causes of action arose in Berkeley County, West Virginia; all material acts described herein occurred in Berkeley County, West Virginia; and Defendants regularly conduct business in Berkeley County, West Virginia, including at all times material hereto.

## COUNT I
### Negligence of Jason Scott Jenkins

12.     Plaintiff Rogers incorporates all previous paragraphs as if reprinted here.

13.     On August 31, 2017, Plaintiff Rogers was lawfully and properly operating a 2012 Freightliner bus in the northbound lane of Winchester Avenue in Berkeley County, West Virginia, and was without any contributory or comparative fault.

2

14.    On August 31, 2017, Defendant Jenkins was operating a 2012 Mercedes Benz Sprinter cargo van owned by Defendant FedEx in the southbound lane of Winchester Avenue in Berkeley County, West Virginia.

15.    On August 31, 2017, Defendant Jenkins was negligent and reckless in the operation of the aforementioned 2012 Mercedes Benz Sprinter cargo van upon Winchester Avenue, so as to cause a collision involving Plaintiff Rogers.

16.    The motor vehicle crash which is the subject of this Complaint occurred after Defendant Jenkins crossed the center line and crashed into Plaintiff Rogers' motor vehicle.

17.    Upon information and belief, Defendant Jenkins was under the influence of opiates and other controlled substances at the time of the subject crash on August 31, 2017.

18.    On August 31, 2017, Defendant Jenkins owed to Plaintiff Rogers a duty to use due care and caution in the operation and control of his motor vehicle, to drive with due care, to reasonably protect the safety, health, and life of Plaintiff Rogers, and to obey the traffic laws in the West Virginia Code, as well as the rules of the common law.

19.    In violation of the duties owed to Plaintiff Rogers, Defendant Jenkins was negligent, grossly negligent, and reckless in several respects, including, but not limited to, the following:

    a.    Driving under the influence of a controlled substance;

    b.    Failing to keep in the proper lane;

    c.    Driving left of center;

    d.    Operating a motor vehicle in an inattentive, reckless, and careless manner;

    e.    Failing to maintain control of his motor vehicle so as to prevent injury to others, including Plaintiff Rogers;

    f.    Failing to maintain a careful and proper lookout, and failing to react in a reasonably prudent manner to what he should have seen;

3

g.      Operating a motor vehicle in disregard for the safety of persons or property, including Plaintiff Rogers;

h.      Engaging in careless and prohibited driving;

i.      Failing to use due care generally; and

j.      Defendant Jenkins was otherwise negligent as will become apparent through discovery.

20.      On August 31, 2017, Defendant Jenkins negligently, carelessly, and recklessly violated each of the aforesaid duties owed to Plaintiff Rogers, which negligence and recklessness was a proximate cause of Plaintiff Rogers' injuries.

21.      Currently, Plaintiff Rogers has incurred medical expenses in excess of $43,000.00 as a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendant Jenkins.

22.      To date, Plaintiff Rogers has incurred lost wages in excess of $55,000.00 as a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendant Jenkins.

23.      As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendant Jenkins, Plaintiff Rogers has been damaged and seeks compensation, therefore, by way of: (1) physical pain and suffering, both past and future; (2) emotional distress, both past and future; (3) mental anguish, both past and future; (4) medical expenses, both past and future; (5) wage loss and/or loss of earning capacity, both past and future; (6) loss of enjoyment of life, both past and future; (7) scarring and disfigurement; (8) permanency of her injuries; and (9) all other damages permitted by applicable law.

## COUNT II
### Punitive Damages – Defendant Jenkins

24.      Plaintiff Rogers incorporates all previous paragraphs as if reprinted herein.

4

25. On or about August 31, 2017, Plaintiff Rogers was damaged as a direct and proximate result of Defendant Jenkins' conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, including Plaintiff Rogers.

### COUNT III
### Negligence of Defendant Federal Express Corporation dba FedEx Express

26. Plaintiff Rogers incorporates all previous paragraphs as if reprinted herein.

27. The injuries, harm, and damages suffered by Plaintiff Rogers were a direct and proximate result of Defendant Jenkins' negligent, careless, and reckless use of the aforementioned 2012 Mercedes Benz Sprinter cargo van owned by Defendant FedEx.

28. Defendant FedEx was under a duty of reasonable care in allowing others to assume control of and operate its 2012 Mercedes Benz Sprinter cargo van.

29. Defendant FedEx, as the owner of the 2012 Mercedes Benz Sprinter cargo van being driven by Defendant Jenkins, had the right to permit and the power to prohibit the use of said motor vehicle by Defendant Jenkins.

30. At the time of the motor vehicle crash, which is the subject of this Complaint, Defendant Jenkins was driving the aforesaid 2012 Mercedes Benz Sprinter cargo van owned by Defendant FedEx with its knowledge and consent.

31. At the time Defendant FedEx entrusted the 2012 Mercedes Benz Sprinter cargo van to Defendant Jenkins, with permission to operate it, Defendant FedEx knew or should have known that Defendant Jenkins had a history of traffic violations, a history of motor vehicle accidents, and/or a drug and/or other illegal substance addiction which were likely to make him a dangerous and irresponsible driver.

32. Defendant FedEx's entrustment of its 2012 Mercedes Benz Sprinter cargo van to Defendant Jenkins, with permission to operate it, placed Plaintiff Rogers and the public at a high risk of injury, death, and property loss.

5

33.     Defendant FedEx's entrustment of its 2012 Mercedes Benz Sprinter cargo van, with permission to operate it, to Defendant Jenkins, whose incompetency, experience, recklessness, and/or inability to properly operate a motor vehicle without endangering the lives and property of others, was known or should have been known by Defendant FedEx.

34.     Defendant FedEx entrusted its 2012 Mercedes Benz Sprinter cargo van, with permission to operate it, to Defendant Jenkins, who Defendant FedEx knew or should have known would be likely to use said motor vehicle in a manner involving risk of physical harm to others, and thus Defendant FedEx expected to be endangered by Defendant Jenkins' use of said motor vehicle.

35.     Currently, Plaintiff Rogers has incurred medical expenses in excess of $43,000.00 as a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendant FedEx.

36.     To date, Plaintiff Rogers has incurred lost wages in excess of $55,000.00 as a direct and proximate result of the aforesaid negligence of Defendant FedEx.

37.     As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of Defendant FedEx, Plaintiff Rogers has been damaged and seeks compensation, therefore, by way of: (1) physical pain and suffering, both past and future; (2) emotional distress, both past and future; (3) mental anguish, both past and future; (4) medical expenses, both past and future; (5) wage loss and/or loss of earning capacity, both past and future; (6) loss of enjoyment of life, both past and future; (7) scarring and disfigurement; (8) permanency of her injuries; and (9) all other damages permitted by applicable law.

## COUNT IV
**Vicarious Liability of Defendant Federal Express Corporation dba FedEx Express**

38.     Plaintiff Rogers incorporates all previous paragraphs as if reprinted here.

39.     At all times material hereto, Defendant Jenkins was an agent, apparent agent, representative, servant, and/or employee of Defendant Federal Express Corporation dba FedEx Express.

40.     On August 31, 2017, while driving the aforementioned 2012 Mercedes Benz Sprinter cargo van, and at all other times relevant thereto, Defendant Jenkins was acting within his authorized capacity as an agent, apparent agent, representative, servant, and/or employee of Defendant Federal Express Corporation dba FedEx Express.

41.     All the aforesaid negligent, careless, and reckless acts and omissions of Defendant Jenkins occurred within the scope and course of his agency, representation, and/or employment with Defendant Federal Express Corporation dba FedEx Express.

42.     Under the doctrine of *respondeat superior*, Defendant Federal Express Corporation dba FedEx Express, is vicariously liable for all damages proximately caused by the aforesaid negligent, careless, and reckless acts and omissions of Defendant Jenkins which occurred within the scope and course of his agency, representation, and/or employment with Defendant Federal Express Corporation dba FedEx Express.

## COUNT V
### Punitive Damages – Defendant Federal Express Corporation dba FedEx Express

43.     Plaintiff Rogers incorporates all previous paragraphs as if reprinted herein.

44.     On or about August 31, 2017, Plaintiff Rogers was damaged as a direct and proximate result of the conscious, reckless, and outrageous indifference of Defendant FedEx to the health, safety, and welfare of others, including Plaintiff Rogers.

7

WHEREFORE, Plaintiff Rogers demands judgment against Defendant Jason Scott Jenkins and Defendant Federal Express Corporation dba FedEx Express, jointly and severally, for full and fair compensatory and punitive damages in excess of the jurisdictional limits of this court, pre-judgment and post-judgment interest, reasonable attorney fees and costs, and for such other relief as the court may deem proper.

**PLAINTIFF SEEKS A TRIAL BY JURY ON
ALL COUNTS OF THIS COMPLAINT.**

<u>Cynthia Ann Rogers</u>
By Counsel

_/s/ Ronald M. Harman_

Ronald M. Harman - W.Va. Bar No. 6040
Burke, Schultz, Harman & Jenkinson
Post Office Box 1938
Martinsburg, WV  25402-1938
(304) 263-0900

8

## IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**CYNTHIA ANN ROGERS,**

    **Plaintiff,**

**v.**                             **CIVIL ACTION NO.:**      **19-C-305**

**JASON SCOTT JENKINS and**
**FEDERAL EXPRESS CORPORATION**
**dba FEDEX EXPRESS,**

    **Defendants.**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDERAL EXPRESS CORPORATION DBA FEDEX EXPRESS

**To:**    Federal Express Corporation dba FedEx Express
        c/o CT Corporation System
        1627 Quarrier Street
        Charleston, WV 25311

COMES NOW the Plaintiff, Cynthia Rogers, by counsel, Ronald M. Harman of Burke, Schultz, Harman & Jenkinson, pursuant to Rules 26 and 36 of the West Virginia Rules of Civil Procedure, and hereby demands that Defendant Federal Express Corporation dba FedEx Express admit under oath the truth of the following First Request For Admissions within **45 days** after service of same to the law office of Burke, Schultz, Harman & Jenkinson, 85 Aikens Center, Martinsburg, West Virginia, 25403.

### DEFINITIONS

(A)    The term "Plaintiff" as used herein refers to Cynthia Ann Rogers;

(B)    The term "motor vehicle crash" as used herein refers to the collision involving Jason Scott Jenkins and Cynthia Ann Rogers which occurred on August 31, 2017, in Berkeley County, West Virginia.

(C)     The term "2012 Mercedes Benz Sprinter Cargo Van" refers to the vehicle 2012 Mercedes Benz Sprinter Cargo Van bearing vehicle identification number (VIN) WD3PE8CB2C5613203, which Jason Scott Jenkins was driving at the time of the motor vehicle crash on August 31, 2017.

(D)     The terms "you" and "your" as used herein refers to Federal Express Corporation dba FedEx Express, and all of its agents, servants, employees, representatives, and attorneys.

## ADMISSIONS

**Request For Admission No. 1:** On August 31, 2017, Defendant Jason Scott Jenkins (hereinafter also referred to as "Defendant Jenkins") was an agent, servant, and/or employee of Federal Express Corporation.

❑ **Admitted**          ❑ **Denied**


**Request For Admission No. 2:** On August 31, 2017, Federal Express Corporation was doing business as FedEx Express.

❑ **Admitted**          ❑ **Denied**


**Request For Admission No. 3:** On August 31, 2017, at approximately 3:08 p.m., Defendant Jenkins was driving a 2012 Mercedes Benz Sprinter Cargo Van.

❑ **Admitted**          ❑ **Denied**


**Request For Admission No. 4:** On August 31, 2017, at approximately 3:08 p.m., Defendant Jenkins was driving a 2012 Mercedes Benz Sprinter Cargo Van on Winchester Avenue in Martinsburg, Virginia.

❑ **Admitted**          ❑ **Denied**

2

**Request For Admission No. 5:** On August 31, 2017, Defendant Jason Scott Jenkins was an agent, servant, and/or employee of Federal Express Corporation.

❏ **Admitted**               ❏ **Denied**

**Request For Admission No. 6:** At the time of the motor vehicle crash on August 31, 2017, Defendant Jason Scott Jenkins was acting within the course and scope of his employment and/or agency with Federal Express Corporation.

❏ **Admitted**               ❏ **Denied**

**Request For Admission No. 7:** On August 31, 2017, Plaintiff Cynthia Ann Rogers (hereinafter also referred to as "Plaintiff Rogers") was driving a school bus on Winchester Avenue in Martinsburg, West Virginia.

❏ **Admitted**               ❏ **Denied**

**Request For Admission No. 8:** On August 31, 2017, at approximately 3:08 p.m., Defendant Jenkins failed to maintain control of your 2012 Mercedes Benz Sprinter Cargo Van on Winchester Avenue in Martinsburg, West Virginia, and collided with the school bus being driven by Plaintiff Rogers.

❏ **Admitted**               ❏ **Denied**

**Request For Admission No. 9:** The motor vehicle crash on August 31, 2017, occurred within Plaintiff Rogers' lane of travel on Winchester Avenue when Defendant Jenkins crossed the center line.

❏ **Admitted**               ❏ **Denied**

3

**Request For Admission No. 10:**  Once Defendant Jenkins crossed the center line into Plaintiff Rogers's lane of travel, he did not attempt to avoid collision with Plaintiff Rogers' bus.

❑ **Admitted**          ❑ **Denied**

**Request For Admission No. 11:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins failed to keep the 2012 Mercedes Benz Sprinter Cargo Van in the proper lane, thereby causing injury to Plaintiff Rogers.

❑ **Admitted**          ❑ **Denied**

**Request For Admission No. 12:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins drove the 2012 Mercedes Benz Sprinter Cargo Van left of center on Winchester Avenue in Berkeley County, West Virginia.

❑ **Admitted**          ❑ **Denied**

**Request For Admission No. 13:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins operated the 2012 Mercedes Benz Sprinter Cargo Van in an inattentive, reckless, and careless manner, thereby causing injury to Plaintiff Rogers.

❑ **Admitted**          ❑ **Denied**

**Request For Admission No. 14:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins failed to maintain control of the 2012 Mercedes Benz Sprinter Cargo Van, thereby causing injury to Plaintiff Rogers.

❑ **Admitted**          ❑ **Denied**

4

**Request For Admission No. 15:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins failed to maintain a careful and proper lookout, and failed to react in a reasonably prudent manner to what he should have seen.

   ❏ **Admitted**      ❏ **Denied**

**Request For Admission No. 16:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins operated the 2012 Mercedes Benz Sprinter Cargo Van in disregard for the safety of persons or property, including Plaintiff Rogers.

   ❏ **Admitted**      ❏ **Denied**

**Request For Admission No. 17:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins engaged in careless and prohibited driving of the 2012 Mercedes Benz Sprinter Cargo Van.

   ❏ **Admitted**      ❏ **Denied**

**Request For Admission No. 18:**  On August 31, 2017, while driving on Winchester Avenue, Defendant Jenkins failed to use due care generally when operating the 2012 Mercedes Benz Sprinter Cargo Van.

   ❏ **Admitted**      ❏ **Denied**

**Request For Admission No. 19:**  At the time of the motor vehicle crash on August 31, 2017, Defendant Jenkins was driving under the influence of a controlled substance.

   ❏ **Admitted**      ❏ **Denied**

5

**Request For Admission No. 20:**   On August 31, 2017, at 5:29 p.m., Defendant Jenkins provided a urine specimen at Berkeley Medical Center.

❑ **Admitted**                    ❑ **Denied**


**Request For Admission No. 21:**    The drug urine test results noted in Request For Admission No. 20 above indicated that Defendant Jenkins had ingested Oxycodone.

❑ **Admitted**                    ❑ **Denied**


**Request For Admission No. 22:**   On August 31, 2017, Defendant Jenkins had not been given any medications prior to his admission at the hospital, and was not given any medication during his treatment at Berkeley Medical Center.

❑ **Admitted** ·                  ❑ **Denied**


**Request For Admission No. 23:**   On or about October 17, 2017, Defendant Jenkins pled guilty to one count of driving under the influence (felony serious bodily injury), with a violation date of August 31, 2017.

❑ **Admitted**                    ❑ **Denied**


**Request For Admission No. 24:**   As a direct and proximate result of the motor vehicle crash described in Request For Admission No. 8, Plaintiff Rogers suffered serious injuries.

❑ **Admitted**                    ❑ **Denied**


6

**Request For Admission No. 25:**  As a direct and proximate result of the motor vehicle crash described in Request For Admission No. 8, the medical bills incurred by Plaintiff Rogers, to date, include the following medical bills from the following medical providers:

| Provider | Amount |
|---|---|
| Berkeley County Ambulance Authority | $    450.60 |
| Berkeley Medical Center | $15,905.00 |
| Healthcare Alliance | $ 1,104.00 |
| Martinsburg Radiology | $    899.00 |
| Privia Medical Group | $    206.00 |
| K Mart Pharmacy | $      17.40 |
| Valley Health Occupational Health | $ 3,318.64 |
| Center For Orthopedic Excellence | $ 2,890.00 |
| Winchester Neurological Consultants | $    328.00 |
| Winchester Medical Center | $ 9,014.00 |
| Muscular Skeletal Therapies | $    567.32 |
| Winchester Orthopaedic Associates | $ 4,880.60 |
| Progressive Radiology | $ 1,503.00 |
| Winchester Anesthesiologists | $ 1,106.00 |
| King Physical Therapy | $ 2,780.00 |
|  | $45,068.56 |

❑ **Admitted**                    ❑ **Denied**

**Request For Admission No. 26:**  Those medical bills incurred by Plaintiff Rogers as noted in Request For Admission No. 25 above were fair, reasonable, and medically necessary.

❑ **Admitted**                    ❑ **Denied**

**Request For Admission No. 27:**  Those medical bills incurred by Plaintiff Rogers as noted in Request For Admission No. 25 were incurred as a direct and proximate result of bodily injuries she sustained in the motor vehicle crash described in Request For Admission No. 8.

❑ **Admitted**                    ❑ **Denied**

7

**Request For Admission No. 28:** Plaintiff Rogers was unable to return to her employment as a school bus driver as a direct and proximate result of the bodily injuries she sustained in the motor vehicle crash described in Request For Admission No. 8 above.

❑ **Admitted** ❑ **Denied**

**Request For Admission No. 29:** Prior to August 31, 2017, you had been placed on notice that Defendant Jenkins had been suffering from drug addiction.

❑ **Admitted** ❑ **Denied**

**Request For Admission No. 30:** Prior to August 31, 2017, you had been placed on notice that Defendant Jenkins had received treatment for his drug addiction.

❑ **Admitted** ❑ **Denied**

**Request For Admission No. 31:** At the time of the motor vehicle crash on August 31, 2017, Defendant Jenkins was operating your 2012 Mercedes Benz Sprinter Cargo Van with your knowledge and permission.

❑ **Admitted** ❑ **Denied**

Cynthia Ann Rogers
By Counsel

Ronald M. Harman - W.Va. Bar No. 6040
Burke, Schultz, Harman & Jenkinson
Post Office Box 1938
Martinsburg, WV 25402-1938
(304) 263-0900

8

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA

**CYNTHIA ANN ROGERS,**

    **Plaintiff,**

**v.**                            **CIVIL ACTION NO.:**      **19-C-305**

**JASON SCOTT JENKINS and**
**FEDERAL EXPRESS CORPORATION**
**dba FEDEX EXPRESS,**

    **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDERAL EXPRESS CORPORATION DBA FEDEX EXPRESS

To:    Federal Express Corporation dba FedEx Express
       c/o CT Corporation System
       1627 Quarrier Street
       Charleston, WV 25311

Pursuant to the provisions of Rules 26, 33, and 34 of the West Virginia Rules of Civil Procedure, as amended, and subject to the following instructions and definitions, Plaintiff Cynthia A. Rogers formally requests that Defendant Federal Express Corporation dba FedEx Express

    1.    Answer in writing, under oath, the following Interrogatories; and

    2.    Provide copies within **45 days** of service of all documents requested herein or, alternatively, produce said documents at the law office of Burke, Schultz, Harman & Jenkinson, 85 Aikens Center, Post Office Box 1938, Martinsburg, West Virginia 25403.

## INSTRUCTIONS AND DEFINITIONS

(A)   Where possible, identify by date, sender, recipient, location, and custodian each document relied upon or which forms the basis for the answer or response given or the substance of what is given in the answer or response to these interrogatories and request for production of documents.

(B)   "Identify" or "identification," when used in reference to an individual person, means to state his/her full name, his/her present address, his/her present business address, and his/her present or last known position and business affiliation.

(C)   The term "document" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings, all originals and all copies not identical to the original or to each other; all drafts; two writings of any kind; tapes, computer discs, CD Rom, CD-R, CD-RW, DVD, microfilm, microfiche, raster bitmaps, magneto optical (MO) disks, electronic images and associated indexing data, Write Once Read Many (WORM) laser disks; or any other form of photographically or electronically, digitally, magnetically impulse, or otherwise recorded or represented information, image, or document storage, including, but not limited to word processor document resource information (e.g. MS Word, Corel WordPerfect "properties" tabs)

2

drafts and redlined versions of documents, compound documents (e.g. documents where the image is one file and the text is in another); e-mail and voice mail archives; e-mail and voice mail messages and backups; databases; document management databases; Internet service provider's records, including user account information and identification of firewalls, caches and cookies; network router traffic indicia; world wide web pages, including, but not limited to HTML, XML, SGML, XGML, VRML, Adobe Acrobat, Corel Envoy, MIF, RFT, EPS, prepress formats.

(D)     "Describe" or "description," (i) when used in reference to persons or members of a class, means to identify each individual person or member of a class; and (ii) when used in reference to a document, means to state the following as to each document:

(1)     the nature and contents thereof;

(2)     the date thereof;

(3)     the date the document was executed if different from the date it bears;

(4)     the name, address, and position of the author or signer thereof;

(5)     the name, address, and position of the addressee, if any;

(6)     the present location thereof and the name, present address, and position of the person or persons having present custody thereof; and

(7)     whether the document has been destroyed and, if so, with regard to such destruction,

a.     the date thereof;

b.     the reason therefore; and

c.     the identify of the person or persons who destroyed the document.

(E)     Where possible, state whether the information furnished is within the personal knowledge of the person responding and, if not, state the name, if known, of each person to whom the information is a matter of personal knowledge.

3

(F)    Where possible, identify each person who assisted or participated in preparing or supplying any of the information given in your answers and responses to these interrogatories and requests, and, where possible, delineate the same in such answers and response.

(G)    If you maintain that any document or record which refers to or relates to anything about which these interrogatories and requests ask has been destroyed, set forth the content of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

(H)    Where the answer or response to any of the following interrogatories or requests may be derived or ascertained from any records of this Defendant or from an examination, audit, or inspection of such records or from a compilation, abstract, or summary based thereon, please specify the records from which the response may be derived or ascertained.

(I)    The terms "communicate" or "communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by document, and whether face-to-face, by telephone, telecopier, mail, personal delivery, e-mail or otherwise.

(J)    The term "motor vehicle crash" as used herein refers to the collision involving Jason Scott Jenkins and Cynthia Ann Rogers which occurred on August 31, 2017, in Berkeley County, West Virginia.

(K)    The term "Plaintiff" as used herein refers to Cynthia A. Rogers.

(L)    The terms "you" and "your" as used herein refer to Federal Express Corporation dba FedEx Express, and all of its agents, servants, employees, representatives, and attorneys.

(M)    The term "2012 Mercedes Benz Sprinter Cargo Van" refers to the vehicle 2012 Mercedes Benz Sprinter Cargo Van bearing vehicle identification number (VIN) WD3PE8CB2C5613203, which Jason Scott Jenkins was driving at the time of the motor vehicle crash on August 31, 2017.

4

## INTERROGATORIES

1.     Describe the corporate structure of Federal Express Corporation, including their hierarchical employee structures, their relationship to each other, and their relationship to all parent companies, subsidiaries, and related corporations.

**ANSWER:**


2.     Describe the application and hiring process used for Defendant Jason Scott Jenkins, including whether any drug testing, background checks, interviews, and driving tests were performed, and the results and findings of each.

**ANSWER:**


3.     Identify each manager, supervisor, operator, driver, dispatcher, receptionist, secretary, and any other employee, agent, and/or servant of Federal Express Corporation who was on duty within the 48 hours prior to and after the collision and who had any interaction or supervisory responsibilities with Defendant Jason Scott Jenkins, indicating the nature of the relationship (i.e., agent, servant, and/or employee) with each such person, job position, and duties at the time of the occurrence.

**ANSWER:**


4.     Describe the circumstances surrounding all disciplinary proceedings, including verbal warnings, written warnings, and any other discipline, directed toward Defendant Jason Scott Jenkins during his employment with Federal Express Corporation.  Please include the final outcome of any and all discipline.

**ANSWER:**

5

5.     Identify each person who has given Federal Express Corporation, or any of its agents, attorneys, servants, and/or employees a signed, written, tape recorded, or oral statement concerning the circumstances of the motor vehicle crash on August 31, 2017, including the names, addresses, and telephone numbers of each such person.

**ANSWER:**

6.     Describe all written and verbal statements given by Federal Express Corporation, or any of their employees, agents, servants, representatives, and/or witnesses regarding the motor vehicle crash on August 31, 2017, involving Plaintiff Rogers.

**ANSWER:**

7.     Please identify by name, address, and telephone number the owner(s) of the 2012 Mercedes Benz Sprinter Cargo Van which Defendant Jenkins was driving at the time of the motor vehicle crash on August 31, 2017.

**ANSWER:**

8.     State the names and addresses of all experts whom you intend to call as witnesses at the trial of this matter.  If any experts have prepared a report of his or her findings, please attach a copy of the report to your answers to these Interrogatories.  In addition, please state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and provide a summary of the grounds for each opinion.

**ANSWER:**

6

9.     If you have within your control or possession any photographs, video, pictures, imaging, plats, diagrams, or drawings pertaining in any way to any element of Plaintiff's claims, including, but not limited to, the motor vehicle crash or the motor vehicle crash scene, set forth a description of same and describe the contents of any such item, or the like, the dates created, and the identity of the person or persons creating them.  Please attach a copy of each to these answers to Interrogatories.

**ANSWER:**


10.     Give a complete statement of the facts as to how you contend that the motor vehicle crash took place on August 31, 2017, including the exact location of the motor vehicle crash, the direction in which all operators were proceeding, and the speed at which all operators were proceeding.

**ANSWER:**


11.     If you deny that you, Defendant Federal Express Corporation dba FedEx Express and/or Defendant Jason Scott Jenkins were negligent in any way with respect to the damages sustained by the Plaintiff in the motor vehicle crash, please state:

    a.     All facts known to you, your attorneys, or agents which support or corroborate your denial of negligence;

    b.     The name, address, and telephone number of any person known to you who has knowledge with respect to your denial of negligence; and

    c.     The name, address, and telephone number of any custodian of any writing or report which supports your denial of negligence.

**ANSWER:**


7

12.    If you contend that Plaintiff Rogers was negligent or comparatively negligent with respect to her injuries, please set forth:

    a.    All facts known to you, your attorneys, or agents which support or corroborate your allegation of negligence on the part of Plaintiff Rogers;

    b.    Name, address, and telephone number of any person known to you who has knowledge regarding any facts which support your allegation of negligence on the part of Plaintiff Rogers; and

    c.    The name, address, and telephone number of any custodian of any writing or report which supports your allegation of negligence on the part of Plaintiff Rogers.

**ANSWER:.**

13.    Do you contend that any of the following caused or contributed in any way to the motor vehicle crash on August 31, 2017?

    a.    The negligence of any non-party;

    b.    The negligence of any other defendant;

    c.    Any defect in any vehicle involved in the motor vehicle crash;

    d.    The negligent maintenance, inspection, repair, or service of any vehicle involved in the motor vehicle crash;

    e.    Weather conditions; or

    f.    Any other factor known to you or your attorneys.

**ANSWER:**    ❑ Yes        ❑ No

14.    If your answer to any part of Interrogatory No. 13 was in the affirmative, please state:

    a.    Your contention as to each such cause or contributing factor;

    b.    The facts known to you, your agents, or attorneys which support each such contention;

8

      c.     The name, address, and any other fact known about the person or entity who caused or contributed to the motor vehicle crash;

      d.     An identification as to any writing, diagram, or report supporting each such contention, and whether or not you will produce such writing, diagram, or report; and

      g.     The name, address, and telephone number of the person who is in custody of such writing or report of any nature which relates to your answer to Interrogatory No. 13 above.

**ANSWER:**

15.    Identify all written communications, including internal minutes of all of your meetings and notes therefrom, pertaining to the motor vehicle crash on August 31, 2017.

**ANSWER:**

16.    If a report about the motor vehicle crash was made by you, or any of your agents, servants, and/or employees in the ordinary course of business, including, but not limited to, an incident report or quality assurance report, provide the date of each report and identify the person or persons who made each report and the persons who presently have custody of each report.

**ANSWER:**

17.    Please state the factual basis for each affirmative and negative defense in your Answer, including any amendments thereto.

**ANSWER:**

18.    For each person identified in your Answers to these Interrogatories who at one time was, but no longer is, your agent, servant/and/or employee, please provide the date and

reason for termination and a current address (or if a current address is unknown, provide the last known address).

     **ANSWER:**

     19.    Identify every person not otherwise identified in your Answers to these Interrogatories, including eyewitnesses to all or part of the motor vehicle crash, who has personal knowledge of any facts material to this civil action, and generally describe or summarize these facts each person possesses which are material to this civil action.

     **ANSWER:**

     20.    Please provide the caption, court, case number, date of filing, and name of plaintiff in all cases filed against you or your agents, servants, and/or employees arising from the motor vehicle crash on August 31, 2017, and in all other cases filed against you and/or Defendant Jason Scott Jenkins arising from the acts or omissions of Defendant Jason Scott Jenkins while in the course of his employment, as well as the current status and final outcome of each.

     **ANSWER:**

     21.    Describe all equipment on board the 2012 Mercedes Benz Sprinter Cargo Van, which equipment was capable of providing tracking and speed information regarding said vehicle, sending and/or receiving communications (whether by wireless, radio, instant messaging, or other means), and designed to alert the driver of potentially dangerous proximity to outside objects.

     **ANSWER:**

22. Describe the course of the 2012 Mercedes Benz Sprinter Cargo Van for the 48 hours prior to the motor vehicle crash on August 31, 2017, including city and state of location, whether the vehicle was traveling or stationary, from where said vehicle was proceeding, and the vehicle's intended destinations.

**ANSWER:**

23. State the full name and current residence address of each person who witnessed or claims to have witnessed the motor vehicle crash that is the subject of this civil action.

**ANSWER:**

24. Were any photographs, movies, and/or videos taken of the motor vehicle crash or of the scene of the motor vehicle crash or of the persons and/or vehicles involved?

**ANSWER:** ❑ Yes ❑ No

If you answered "yes," please state the date or dates on which such photographs, movies, and/or videos were taken, the subject thereof, who now has custody of them, and the name, address, occupation, and employer of the person taking them.

**ANSWER:**

25. If Defendant Jason Scott Jenkins was employed by you on August 31, 2017, state the position, title, and nature of his occupational responsibilities with respect to his employment.

**ANSWER:**

11

26.    Was Defendant Jason Scott Jenkins acting within the course and scope of his employment with you on the date and time of the motor vehicle crash?

**ANSWER:**


27.    Identify by name, address, and telephone number the carrier for any business cell phone which was inside the 2012 Mercedes Benz Sprinter Cargo Van at the time of the motor vehicle crash on August 31, 2017.

**ANSWER:**


28.    Identify all physical evidence, photographs, plats, sketches, videotapes, audiotapes, drawings, artist's renditions, diagrams, notes, measurements, statements, or other documents or materials now or previously in your possession, custody, or control that relate to any claim or defense in this civil action.

**ANSWER:**


29.    Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to this civil action, including any and all policies of excess and/or umbrella or blanket coverage, and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.  If you have entered into any agreements or contracts with respect to self-insured retention amounts, or insurance program agreements, please identify all such documents which relate to the applicable policy period.

**ANSWER:**


12

30.      Identify by entities and address, and list by time and date, the origin, all planned stops, and the planned termination point of the trip on which Defendant Jason Scott Jenkins embarked on the date of the motor vehicle crash which is the subject of this civil action.

**ANSWER:**

31.      Please set forth a complete driving record of Defendant Jason Scott Jenkins, including a list of all accidents and violations and citations of state or federal laws or regulations, setting forth date of accident or citation, brief description of accident and/or nature of citation and violation, state of violation or citation, specifically to include a narrative summary of all the information requested for a period of the past 10 years.

**ANSWER:**

32.      Identify the person(s) in charge of any driver training program and/or any safety program at Federal Express Corporation dba FedEx Express on August 31, 2017.

**ANSWER:**

33.      Were any of the following items located in the 2012 Mercedes Benz Sprinter Cargo Van at the time of the motor vehicle crash?

a.      Personal cell phones;

b.      Business cell phones;

c.      OnStar tracking system;

d.      Third party data tracking devices;

e.      Telematics device or any other GPS data tracking system installed or used in said vehicle by Federal Express Corporation or any other fleet management company; and/or

13

  f.  Any vehicle connected data system installed or used in said vehicle by Federal Express Corporation or any other fleet management company.

**ANSWER:** ❑ Yes  ❑ No

If you answered "yes," please identify each item by name of owner, year, make, and model.

  **ANSWER:**

  34. Is Defendant Jason Scott Jenkins still employed with Federal Express Corporation?

  **ANSWER:**  ❑ Yes  ❑ No

If you answered "no," please indicate the last date of his employment and the reason for termination or cessation of employment.

  **ANSWER:**

  35. State the name, address, employer, position, and qualifications of the person or persons who, after the collision on August 31, 2017, downloaded any information from the 2012 Mercedes Benz Sprinter Cargo Van that was involved in the collision.

  **ANSWER:**

  36. State the name, address, employer, position, and qualifications of the person or persons who, on or after the collision on August 31, 2017, downloaded any information from

14

any cell phone that was inside the 2012 Mercedes Benz Sprinter Cargo Van at the time of the motor vehicle crash on August 31, 2017.

ANSWER:


37.    Prior to the motor vehicle crash on August 31, 2017, did you have any knowledge of Defendant Jason Scott Jenkins having suffered from drug addiction and/or had undergone treatment for drug addiction?

ANSWER:          ☐ Yes          ☐ No

If you answered "yes," please answer the following:

a.     The types of drug addiction suffered by Defendant Jenkins;

b.     The approximate time periods of such drug addiction;

c.     The names and addresses of any and all drug treatment providers for Defendant Jenkins;

d.     The approximate time periods of such drug treatment by Defendant Jenkins; and

e.     The results of any and all drug tests for Defendant Jenkins in your possession.

ANSWER:



## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Any and all documents, bills, statements, correspondence, or records of any kind pertaining to Plaintiff Rogers.

RESPONSE:


2.     With regard to Defendant Jason Scott Jenkins, produce copies of the following:

(a)     His entire personnel file;

(b)     His employment application;

(c)     Any reports received or generated regarding his safety training;

(d)     Any reports regarding his criminal background check;

(e)     His driving record;

(f)     His employment history;

(g)     All documents regarding any contact with any of his prior employers;

(h)     Any and all documents pertaining to Defendant Jason Scott Jenkins' drug and/or alcohol testing, including, but not limited to, pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results;

(i)     His entire safety performance history file;

(j)     Any other files kept concerning Defendant Jason Scott Jenkins;

(k)     Any records pertaining to Defendant Jason Scott Jenkins' drug addiction;

(l)     Any records pertaining to Defendant Jason Scott Jenkins' treatment for drug addiction;

(m)     Any and all payroll and benefit records for Defendant Jason Scott Jenkins for a period of one year prior to the motor vehicle crash and ever since; and

(n)     Any and all records of health insurance claims, workers' compensation claims, disability claims, sickness or doctor's excuses, or disability slips of Defendant Jason Scott Jenkins in your possession.

**RESPONSE:**

3.     Any and all contractual or legal agreements between you and Defendant Jason Scott Jenkins pertaining to his current and past employment.

**RESPONSE:**

16

4.     Any charts, tables, or other documents detailing the hierarchical and/or organizational structure of Federal Express Corporation.

**RESPONSE:**


5.     Any and all documents which comprise, refer to, or relate to insurance agreements under which any person carrying on an insurance business might be liable to satisfy all or part of a judgment that may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment.

**RESPONSE:**


6.     Any and all documents, videos, photographs, pictures, images, drawings, reports, memoranda, notes, recordings, statements, or other documents of any kind which refer or relate to the motor vehicle crash involving Plaintiff Rogers.

**RESPONSE:**


7.     Any and all time sheets, schedules, or duty rosters by whatever name called pertaining to Defendant Jason Scott Jenkins for the time period from June 1, 2017, through and including August 31, 2017.

**RESPONSE:**


8.     Any and all documents, forms, check-lists, maintenance logs, and equipment manifests created by any person or entity that refers or relates to the 2012 Mercedes Benz

17

Sprinter Cargo Van which was involved in the motor vehicle crash with Plaintiff Rogers, whether such material was created before or after the motor vehicle crash.

**RESPONSE:**

9.      Any and all vehicle manuals, operating manuals, or other instruction or guidelines referring or relating to the operation or use of the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash with Plaintiff Rogers.

**RESPONSE:**

10.     Any and all manuals, handbooks, operating guidelines, policies, procedures, pamphlets, memos, or other documents relating to your employees' use of motor vehicles which were in effect at the time of the motor vehicle crash. .

**RESPONSE:**

11.     Any and all maintenance logs or vehicle inspection lists created by Defendant Jason Scott Jenkins in the two years prior to the motor vehicle crash.

**RESPONSE:**

12.     Any and all documentation, including accident reports, internal or external investigations, or other notes pertaining to the motor vehicle crash and any other motor vehicle accidents involving any vehicle driven by Defendant Jason Scott Jenkins while in the course and scope of employment with Federal Express Corporation.

**RESPONSE:**

18

13. Any and all documents memorializing any citations, warnings, or fines issued by any governmental or regulatory body to Defendant Jason Scott Jenkins pertaining to driver operations, automobile regulations, safety, or legal compliance.

**RESPONSE:**

14. Any and all licensing applications, approvals, denials, revocations, or other documents referring or relating to Defendant Jason Scott Jenkins' authorization to operate a motor vehicle in any geographic region.

**RESPONSE:**

15. Any and all documents pertaining to any agreements, settlements, or understandings between you or your insurance carrier(s) and any other person who suffered injury or property damage in the motor vehicle crash involving Plaintiff Rogers.

**RESPONSE:**

16. All records of any communications, including transcripts, notes, memoranda, electronic and digital records, between Defendant Jason Scott Jenkins and Defendant Federal Express Corporation dba FedEx Express, including their agents, servants, employees, and/or independent contractors, for the 48 hour period before and the 48 hour period after the motor vehicle crash on August 31, 2017.

**RESPONSE:**

17. All records, including logs, notes, memoranda, electronic and digital records of the geographic position and status (including speed and direction of travel) of the 2012 Mercedes

19

Benz Sprinter Cargo Van driven by Defendant Jason Scott Jenkins during the 48 hour period

prior to and including the exact time of the motor vehicle crash on August 31, 2017.

   **RESPONSE:**


   18.    All documents detailing the chain of custody of the 2012 Mercedes Benz Sprinter

Cargo Van immediately after the motor vehicle crash on August 31, 2017, to the present.

   **RESPONSE:**


   19.    All statements given by Defendant Jason Scott Jenkins and Defendnat Federal

Express Corporation dba FedEx Express, including their agents, servants, employees, and/or

independent contractors, regarding the motor vehicle crash on August 31, 2017, including, but

not limited to, statements to the media, statements made in a court of law or under the penalty of

perjury, statements made to any agency or group that investigated the motor vehicle crash

(including police), and statements made to any insurance company.

   **RESPONSE:**


   20.    Any driver and vehicle connected data pertaining to Defendant Jason Scott

Jenkins' use of the 2012 Mercedes Benz Sprinter Cargo Van that he was driving at the time of

the subject motor vehicle crash, including, but not limited to, daily activity data, performance

data, driver performance data, my GEOTAB data, and/or level performance data.

   **RESPONSE:**

21.     Any and all communications between you and/or your attorney(s) and any expert retained by you or your attorney(s) on your behalf.

**RESPONSE:**


22.     All reports, notes, data, and other documents that comprise any part of any investigation of the cause or circumstances of the August 31, 2017, motor vehicle crash, including, but not limited to, any technical investigations of the 2012 Mercedes Benz Sprinter Cargo Van.

**RESPONSE:**


23.     Each incident/accident report for Defendant Jason Scott Jenkins' work-related accidents from January 1, 2013, to the present.

**RESPONSE:**


24.     Your document retention policy.

**RESPONSE:**


25.     Any and all photographs or videos of the scene of the motor vehicle crash.

**RESPONSE:**


26.     Any and all videos of the motor vehicle crash.

**RESPONSE:**

27.     Any and all measurements of the scene of the motor vehicle crash.

**RESPONSE:**


28.     Any and all statements by interviewed witnesses pertaining to the motor vehicle
crash.

**RESPONSE:**


29.     Any and all documents pertaining to any investigation of the motor vehicle crash.

**RESPONSE:**


30.     Any and all documents pertaining to any reconstruction of the motor vehicle
crash.

**RESPONSE:**


31.     Any documents pertaining to any interview of Defendant Jason Scott Jenkins
regarding the motor vehicle crash.

**RESPONSE:**


32.     List of any and all physical evidence removed from the scene of the motor vehicle
crash, the vehicles, the drivers, or personal possessions.

**RESPONSE:**

33.    Any and all documents related to any items being transported by Defendant Jason Scott Jenkins in the 2012 Mercedes Benz Sprinter Cargo Van at the time of the motor vehicle crash.

**RESPONSE:**

34.    All records of any investigation, evaluation, or finding by you relating to the motor vehicle crash.

**RESPONSE:**

35.    Any and all documents generated by your incident review board and/or internal organization that reviews incidents of its drivers concerning the chargeability of the motor vehicle crash involving Plaintiff Rogers.

**RESPONSE:**

36.    Any and all post motor vehicle crash drug and/or alcohol report(s) on Defendant Jason Scott Jenkins and all related documents relating to Defendant Jason Scott Jenkins following the motor vehicle crash.

**RESPONSE:**

37.    Any policy, procedure, manuals, outlines, directives, memorandum, or other prepared material dealing with the following:  discovery responses propounded by adverse parties, document retention, information technology, personnel/driver qualification, driver training, loss prevention, dispatching, fleet maintenance, collision and collision investigation, driver discipline and/or termination, driver log acquisition and verification, block boxes

(ECM/DDEC/etc.) placed on Defendant's vehicles, satellite tracking devices placed on Defendant's vehicles, and risk management.

**RESPONSE:**

38.    All agenda and minutes of any safety department meetings, along with the agenda and sign in sheets, which reference the motor vehicle crash involving Plaintiff Rogers and Defendant Jason Scott Jenkins.

**RESPONSE:**

39.    All contracts, policies, manuals, directions, instructions, stored/retrievable information, and procedures in your possession or control regarding any satellite tracking system used by you on any motor vehicles used by your employees.

**RESPONSE:**

40.    Organizational chart showing all departments/divisions, including, but not limited to, the safety department, maintenance department, driver qualification/training department, and information technology department, of Defendant Federal Expression Corporation dba FedEx Express.

**RESPONSE:**

41.    Your data retention and back-up policies on all computer systems.

**RESPONSE:**

24

42.     Your written policies on driver discipline.

**RESPONSE:**


43.     Any document showing the minimum qualifications for your drivers.

**RESPONSE:**


44.     Your written policies on employee drug addiction and/or treatment for same.

**RESPONSE:**


45.     Your written policy on internal investigation and review of motor vehicle accidents.

**RESPONSE:**


46.     All liability insurance policies (including coverage pages) of your insurance coverage(s) applicable to this motor vehicle crash.

**RESPONSE:**


47.     Any and all data, printouts, documents, charts, graphs, or like material in your possession that was downloaded from any data gathering device (including, but not limited to, any electronic control module) on the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash, along with manuals/instructions on how to interpret such information.

**RESPONSE:**

48.    Any and all maintenance records on the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash for the last three years.

**RESPONSE:**


49.    The parts and service manual for the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash that is the subject of this civil action.

**RESPONSE:**


50.    All vehicle condition reports and repair orders on the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash which is the subject of this action for the last three years before the collision.

**RESPONSE:**


51.    All documents within your possession and/or control which contain information of any on-board recording monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the 2012 Mercedes Benz Sprinter Cargo Van involved in the motor vehicle crash for the 90 days before the motor vehicle crash through and including August 31, 2017.

**RESPONSE:**


52.    All driver logs pertaining to Defendant Jason Scott Jenkins within your possession regardless of the type of format (paper, electronic, or otherwise).

**RESPONSE:**


26

53.     Any and all data, printouts, documents, charts, graphs, or like material which in any way shows, demonstrates, catalogs, defines, and/or alludes to any information from any satellite tracking device (e.g. OnStar) located on/in the 2012 Mercedes Benz Sprinter Cargo Van involved in this motor vehicle crash for August 31, 2017, specifically including, but not limited to, the following: vehicle position histories/data, driver contact/check calls, messages to/from driver, vehicle maintenance data/messages, load information, and location histories.

**RESPONSE:**


54.     All physical, documentary, electronic, and photographic/video evidence in your possession which is related to this civil action.

**RESPONSE:**


55.     Any and all correspondence, reports, charts, photographs, drawings, videotapes, brochures, manual, memoranda, notes or other documents, materials, or physical evidence of any kind which relate to any claim or defense in this civil action.

**RESPONSE:**


56.     Any and all correspondence, records, communications, reports, charts, photographs, videotapes, brochures, manuals, memoranda or other documents, materials, or physical evidence of any kind received from, provided to or generated by any expert witness you expect to call as a witness at the trial of this case.

**RESPONSE:**

57.     A current Curriculum Vitae of any expert witness you intend to use as a witness at the trial of this case.

**RESPONSE:**


58.     Any and all communications between you and/or your attorneys and the West Virginia State Police pertaining in any way to the motor vehicle crash which is the subject of this civil action.

**RESPONSE:**


59.     Any documents, materials, or physical evidence which you contend are relevant or which you intend to introduce at the trial of this action.

**RESPONSE:**


60.     All course materials used by you in any safe driving or defensive driving or training courses.

**RESPONSE:**


61.     All internal audits, safety audits, reports of safety audits, or review of Defendant Jason Scott Jenkins, including those prepared by or for any insurance companies for the last five years.

**RESPONSE:**

62.     All correspondence between you and your insurance carriers concerning safety reports, reviews, or audits or safety ratings for the last five years.

**RESPONSE:**


63.     Claims log and/or collision log pages from the date of the motor vehicle crash.

**RESPONSE:**


64.     Any and all cellular phone records, including, but not limited to, billing records, showing calls and text messages made and received by any agent, servant, and/or employee of Federal Express Corporation on August 31, 2017, and September 1, 2017, pertaining to the motor vehicle crash.

**RESPONSE:**


65.     Any and all cellular phone records, including, but not limited to, billing records, showing calls and text messages made and received by Defendant Jason Scott Jenkins on August 31, 2017, and September 1, 2017, pertaining to the motor vehicle crash.

**RESPONSE:**


66.     Any and all data including, but not limited to, call logs, chats, text messages, iMessages, MMS messages, SMS messages timeline, locations, web bookmarks, wireless networks, data files, and voicemail, which data was downloaded from any business cell phone used by Defendant Jason Scott Jenkins on August 31, 2017.

**RESPONSE:**


29

Cynthia Ann Rogers
By Counsel

Ronald M. Harman - W. Va. Bar No. 6040
Burke, Schultz, Harman & Jenkinson
Post Office Box 1938
Martinsburg, WV 25402-1938
(304) 263-0900

30

View Worker: Jason Jenkins (Terminated) (5047420)

R0088: Courier/Non-DOT

**Phone Number**   +1 (301) 791-9830 (Telephone)
**Email Address**   5047420@fedex.com
**Location**   FXE-US/USA/HGRA/21740/1409 Oakmont Drive
Mona Roach (158685)
Manager

## Job

### Job Details

Job Details

| | |
|---|---|
| Employee ID | 5047420 |
| Organization | FedEx (Frederick Smith (1)) >> Sta Ops / Hagerstown   (HGR) (Mona Roach (158685)) |
| Position | R0088: Courier/Non-DOT |
| Business Title | R0088: Courier/Non-DOT |
| Job Profile | R0088: Courier/Non-DOT |
| Job Family | Courier/Tractor-Trailer Driver > FXE-US: Driver |
| Employee Type | Regular |
| Management Level | Individual Contributor |
| Time Type | Part time |
| FTE | 50.00% |
| Location | FXE-US/USA/HGRA/21740/1409 Oakmont Drive |
| Work Space | FXE-US/USA/HGRA/21740/1409 Oakmont Drive > HGR-A/MD/21740-0000 |
| Work Shift | Full Time 8 Hr day (5 day week) (United States of America) |
| Hire Date | 11/18/2014 |
| Original Hire Date | 11/18/2014 |
| Continuous Service Date | 11/18/2014 |
| Length of Service | 2 year(s), 11 month(s), 9 day(s) |
| Termination Date | 10/27/2017 |

Contact Information - Public

| | |
|---|---|
| Phone | +1 (301) 791-9830 (Telephone) |
| Email | 5047420@fedex.com |

## Job History - FedEx

# View Worker: Jason Jenkins (Terminated) (5047420)

## Job History

| Worker | Effective Date | Job Profile | Process | Supervisory Organization | Worker Type | Time Type | Location | FTE | Default Weekly Hours | Scheduled Weekly Hours | Blended FTE | Entry Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jason Jenkins (On Leave) (5047420) | 10/28/2017 | | Terminate: Jason Jenkins (On Leave) (5047420) | | | | | | | | 50% | 10/30/2017 03:01:19.066 PM |

## All Current Jobs

### All Current Jobs

| Start Date | Position | Organization | Pay Rate Type | Worker Type | Time Type | Location | FTE | Default Weekly Hours | Weekly Hours | Blended FTE | Manager |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/29/2015 | R0088: Courier/Non-DOT | Sta Ops / Hagerstown (HGR) (Mona Roach (158685)) | Hourly | | | | | 50% | 20 | | Mona Roach (Terminated) (158685) |
| | | Total: | | | | | | 50% | 20 | | |

## Manager History

### Manager History

| Position | Start Date | End Date | Manager | Managed From | Managed To |
|---|---|---|---|---|---|
| R0088: Courier/Non-DOT | 03/29/2015 | 10/27/2017 | Mona Roach (Terminated) (158685) | 03/29/2015 | 10/27/2017 |

## Management Chain

### Supervisory Management Chain

| Organization | Manager | Phone Number |
|---|---|---|
| FedEx (Frederick Smith (1)) | Frederick Smith (1) | +1 (901) 818-7577 (Telephone) |
| FEDEX CORPORATION (Frederick Smith (1)) | Frederick Smith (1) | +1 (901) 818-7577 (Telephone) |
| Chief Operating Officer (David Bronczek (4655)) | David Bronczek (4655) | +1 (901) 434-3366 (Telephone) |
| FedEx Express (David Cunningham (21158)) | David Cunningham (21158) | +1 (901) 434-7700 (Fax) |
| | | +1 (901) 434-8888 (Telephone) |
| Operations (Michael Pigors (4345)) | Michael Pigors (4345) | +1 (901) 4348432 (Telephone) |
| Western Division US Operations (Matthew Thornton III (10598)) | Matthew Thornton III (10598) | +1 (901) 434-6283 (Telephone) |
| US Operations Northeast Region (Sam Nesbit (68300)) | Sam Nesbit (68300) | +1 (973) 682-3714 (Telephone) |
| US Operations - Capital (Ken Wilson (167198)) | Ken Wilson (167198) | +1 (973) 6823779 (Telephone) |
| Sta Ops / Hagerstown (HGR) (Robert Hinkle (163388)) | Robert Hinkle (163388) | +1 (240) 3142000 (Telephone) |
| Sta Ops / Hagerstown (HGR) (Mona Roach (158685)) | Mona Roach (158685) | +1 (301) 791-9830 (Telephone) |

View Worker: Jason Jenkins (Terminated) (5047420)

Case 3:20-cv-00005-GMG   Document 1-1   Filed 01/07/20   Page 57 of 63  PageID #: 63

## Organizations

### Member of These Organizations

| Organization | Organization Type | Organization Subtype |
|---|---|---|
| 001 FedEx Express US | Company | Company |
| FedEx Express US | Company Hierarchy | Operating Company Region |
| 025617 HGRA - HAGERSTOWN MD | Cost Center | Cost Center |
| FedEx Payroll Company | FedEx Payroll Company | Pay Group |
| Maryland | Location Hierarchy | Location Geo Region |
| Market Level B0 | Location Hierarchy | Location Market Level |
| FedEx Express US | Location Hierarchy | Operating Company Region |
| Sta Ops / Hagerstown   (HGR) (Mona Roach (158685)) | Supervisory | Department |

## Worker History

### Worker History

| Business Process | Effective Date | Initiated On | Visibility | Completed On | Status |
|---|---|---|---|---|---|

## Contact

## Contact

### Home Contact Information

#### Addresses

| Address | Usage | Visibility | Shared With | Effective Date |
|---|---|---|---|---|
| 10812 Downsville Pk Apt 1<br>Hagerstown, MD 21740<br>United States of America | Home (Primary)<br>Primary Home | Private | | 11/18/2014 |

#### Phones

| Phone Number | Device | Usage | Visibility | Shared With |
|---|---|---|---|---|
| +1 (301) 992-6489 | Telephone | Home (Primary) | Private | |

### Work Contact Information

#### Addresses

View Worker: Jason Jenkins (Terminated) (5047420)

| Address | Usage | Visibility | Effective Date |
|---|---|---|---|
| 1409 Oakmont Drive Hagerstown, MD 21740 United States of America | Business (Primary) | Public | 11/18/2014 |

## Phones

| Phone Number | Device | Usage | Visibility |
|---|---|---|---|
| +1 (301) 791-9830 | Telephone | Work (Primary) | Public |

## Email Addresses

| Email Address | Usage | Visibility |
|---|---|---|
| 5047420@fedex.com | Work (Primary) | Public |

## Emergency Contacts

| Priority | Emergency Contact | Relationship | Preferred Language | Primary Contact Information | Alternate Contact Information |
|---|---|---|---|---|---|
| 1 Maurice jenkins | | Father | | +1 (301) 797-8420 | |

## Personal

### Personal Information

Personal

**Date of Birth** 03/18/1977
**Age** 42 years, 8 months, 29 days
**Marital Status** Single (United States of America)

## IDs

### National IDs

| Country | National ID Type | Identification # | Issued Date | Expiration Date | Issued By | Series | Verification Date | Verified By |
|---|---|---|---|---|---|---|---|---|
| United States of America | Social Security Number (SSN) | 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 | | | | | | |

## Documents

Reviewed Documents

View Worker: Jason Jenkins (Terminated) (5047420)

Standard Documents

| Document | Effective Date | Document Attachment | Signature Type | Signature Statement |
|---|---|---|---|---|
| Electronic Consent Form - US | 01/01/1900 | Electronic Consent Form - US.pdf | Acknowledgment | By acknowledging this consent, I am:<br><br>1. Agreeing to electronically access, receive, review, sign, and authenticate Materials related to my employment with FedEx Corporation or any of its subsidiaries or affiliated companies, in place of hard copy/paper documents and handwritten signatures.<br><br>2. Confirming that I understand how to cancel this Electronic Consent, should I ever want to do so.<br><br>3. Agreeing that I have read, understand, and agree to all statements, agreements, and acknowledgements in this Electronic Consent. |

# Time Off

## Time Off and Leave Requests

Leave of Absence Requests

| Leave of Absence | Leave Return Event | Last Day of Work | First Day of Leave | Actual Last Day of Leave | Estimated Last Day of Leave |
|---|---|---|---|---|---|
| FXE_US-MED<br>FXE_US-MED | Absence Return for Jason Jenkins (Terminated) (5047420) last day of absence on 03/27/2017 | 09/06/2017 | 09/07/2017<br>11/19/2016 | 03/27/2017 | 11/10/2017<br>03/27/2017 |

Time Off Requests

| Time Off | Date | Day of the Week | Type | Requested | Unit of Time | Comment |
|---|---|---|---|---|---|---|

VAR-Vehicle Accident Report      Reference #:  **603433 - Complete**
**08/31/2017 @ 15:30**      **5047420 - FedExIdJason Jenkins**

| Date Format throughout this document is: | **MM/DD/YYYY @ Hr24:MM** |
|---|---|

| | | |
|---|---|---|
| Date of Accident: | | **08/31/2017 @ 15:30** |
| Date Entered (GMT): | | **09/02/2017 @ 17:38** |
| Date Completed (GMT):  **09/05/2017 @ 19:26** | Entering Mgr: | **358246 - Matthew Rhoads** |
| Date Last Modified (GMT):  **09/05/2017 @ 19:26** | Modified By: | **358246 - Matthew Rhoads** |
| Safety Specialist:  **390815  Paris Thomas** | | |

**FedEx  Driver**          Primary FedEx:  **Vehicle**

| | | |
|---|---|---|
| Name:  **5047420 - Jason  Jenkins** | | **U.S.A** |
| FAMIS Location:  **0000217** | Airport Id: | **HGRA** |
| Org Code:  **1013340H05** | Comat: | **217400000** |
| Investigating Manager:  **358246 - Matthew Rhoads** | | |

**Determination:  Preventable - Accident**      Serious?:  **FedEx**

Accident Description:      **Driver was headed southbound on Winchester Ave. Around the 2800 block, the driver claims a dog ran out in the road in front of him. He swerved into the northbound lane to miss the dog. From that point the driver does not remember much. He collided with the front driver side of a school bus heading north which was occupied by a driver and 1 other adult. He then lost control and went off the north side shoulder. It appears he tried to correct and ended up back in the northbound lane before going off on the northbound shoulder, ran over some large rocks and into the front corner of a house.**

| | | |
|---|---|---|
| Injuries: | FedEx:  **1** | |
| Number of Vehicles Involved:  **2** | | Hazmat Released?  **No** |
| Posted Speed:  **45 MPH** | School/Work Zone?  **N/A** | Minor Property Damage?  **No** |

Location of Accident:
**2800 Winchester Ave**
 **Martinsburg, WV  25405  U.S.A**
Accident Type:  **FEC STRUCK VEHICLE AHEAD**
Location Description:  **STRAIGHT ROAD-2 lane**

| | |
|---|---|
| Weather Condition:  **CLEAR** | Road Condition:  **DRY** |
| Lighting Condition:  **DAYLIGHT** | Traffic Condition:  **LIGHT** |
| Roadway Type:  **TWO-WAY** | Road Surface:  **BLACKTOP** |

Police Department:
**SV State Police**
Officer Name/Badge #:  **Trooper Eshbaugh**

**FedEx Vehicle(s) Involved**

**Primary Vehicle # WD3PE8CB2C5613203 - Vehicle**

| | | |
|---|---|---|
| Asset #:  **246640** | Year: **2012** | VIN: **WD3PE8CB2C5613203** |
| License # and State/Province and Country: **3AM3167    U.S.A** | | |
| Vehicle Type:  **WALK-IN VANS - WALK-IN** | | |
| Vehicle Subtype:  **WALKIN VAN 490CUFT - W490** | | |
| Gross Vehicle Weight: **8550** | | 16+ Passenger Bus? **No** |
| Placarded? **No** | | Towed? **Yes** |

| VAR-Vehicle Accident Report | Reference #:  **603433 - Complete** |
|---|---|
| 08/31/2017 @ 15:30 | **5047420 - FedExIdJason Jenkins** |

Vehicle Action: **VEHICLE OUT OF CONTROL-skidding**
Vehicle Interaction: **COLLIDED WITH**
Object Struck: **BUS**
Vehicle Speed: **0 MPH**
Damage:
  **Totaled - Front - Driver Side - Quarter Panel**
  **Totaled - Front Center - Engine**
Damage Description:       **Totaled - Front pushed back towards cab. Front/ drivers side badly damaged**
Backing Sonar:  **Not Installed**                     Daytime Running Lights:  **Operational**
Backing Camera:  **Operational**                      Loader Alarm:  **Not Installed**
Passengers?  **0**                                                                       Rental?  **No**

FedEx Driver:                                                                                                          **001**

Name:  **5047420 - Jason  Jenkins**
Job Code and Title: **R0088 - Courier/Non-DOT**
FAMIS Location ID: **5047420  0000217**                                            Airport Id:  **HGRA**
OrgCode: **1013340H05**                                                            Comat: **217400000**
Budget Code: **0010256217**                                                        Country:  **U.S.A**
Loaned To Manager: **358246 - Matthew Rhoads**
Owning Manager: **158685 - Ramona Roach**
Driver's DOT Daily Log: **No**                                      Seatbelt in Use?  **Yes**
Employee Start Time: **0738**                                           Split Shift?  **Yes**
Original Leave Building Time: **0858**            Original Return Building Time: **1800**
Leave Building Time: **1430**                          Time on Route:  **0 Years 1 Months**
Trained on this Equipment? **Y**
Accident Occur During Training? **No**
  **Driver meets the US HazMat fingerprint background check requirements? - N/A**
Citation (Moving Violation)? **No**
Citation (Non-Moving Violation)? **No**
Alcohol/Drug Test Required? **No**                            Alcohol/Drug Test Type: **No**
Alcohol Tested? **No**
Drug Tested? **No**
Preventability Determination: **Preventable**
Reason for Determination:**Driver should have been more aware of his surroundings. He also should have
                chosen to hit the dog instead of veering into the northbound lane of traffic.**

**Non-FedEx Vehicle(s) Involved**
Non-FedEx Vehicle # **1**
License # and State/Province: **NA**
                                                                       Vehicle Towed?  **Yes**

Damage Description:     **Driver side front**
Damage Cost: **0**

| VAR-Vehicle Accident Report | Reference #:  **603433 - Complete** |
|---|---|
| 08/31/2017 @ 15:30 | **5047420 - FedExIdJason Jenkins** |

## Non-FedEx Owner of Vehicle # 1:

Owner Name: **NA**

Country:   **U.S.A**

## Non-FedEx Property Damaged # 1

Property Description:      **NA**

## Non-FedEx Owner:

Owner Name: **NA NA**

Country: **U.S.A**

Insurance Information:

## Injured Persons

Name #  **1: 5047420 - Jason Jenkins**
Address: **1409 Oakmont Drive**
City: **Hagerstown**      State: **MD**          Zip: **21740**          Country: **U.S.A**
Telephone: **13017919830**
Hospitalized: **No**                                     Age Group: **Adult**

## Signatures

Primary Driver: **5047420  -  Jason Jenkins**

_____  Date: ____ / ____ / ____

Loaned To Manager: **358246 - Matthew Rhoads**

_____  Date: ____ / ____ / ____

Owning Manager: **158685 - Ramona Roach**

_____  Date: ____ / ____ / ____

Tuesday, Dec 17, 2019 08:12 AM

